**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Everett J. Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0775** (Kanawha County 19-AA-112)

**Larry Glassburn Jr.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Everett J. Frazier, Commissioner (the "commissioner"), West Virginia Division of Motor Vehicles (the "DMV"), appeals the circuit court's August 30, 2021, order affirming the order of the Office of Administrative Hearings ("OAH") that reversed the revocation of respondent's driver's license for driving under the influence of alcohol ("DUI").[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

The DMV revoked respondent's license for DUI following respondent's involvement in a single-vehicle accident. Respondent requested a hearing before the OAH. Prior to the start of that hearing, respondent objected to the admission of the investigating officer's DUI Information Sheet, his attached sworn narrative, and a disposition reporting page, claiming that the documentary evidence contained hearsay. In particular, the officer's sworn narrative documented a conversation he had with a witness at the scene (respondent's girlfriend) who had been traveling behind respondent at the time of his crash. The witness reported that respondent had been drinking prior to the accident, but she declined to give a recorded statement to the investigating officer because respondent's wife was unaware of their relationship. The witness did not appear at the hearing. The OAH admitted the documentary evidence but said it would determine what weight the documents deserved following the hearing. Respondent also objected on hearsay grounds during the investigating officer's testimony recounting his conversation with the witness at the scene. The OAH acknowledged the objection but did not then rule, allowing the officer to proceed with his testimony.

---

[1] The commissioner appears by counsel Patrick Morrisey and Elaine L. Skorich, and respondent appears by counsel James M. Cagle.

In its order issued following the hearing, the OAH sustained the hearsay objection to the officer's testimony about his conversation with the witness at the scene. Going further, because the witness's statement, as recounted by the investigating officer in his sworn narrative, "cannot be categorized as anything other than hearsay," the OAH ruled that "the portion of the [i]nvestigating [o]fficer's testimony and narrative report containing [the witness's] statement is redacted and will not be offered and accepted as evidence."[2]

The evidence showed that no field sobriety tests were completed at the time of the traffic stop, the preliminary breath test did not produce a result, and no alcohol testing was requested or completed after the accident. The investigating officer observed respondent to be unsteady at the scene and have bloodshot eyes, but the officer testified that respondent's unsteady gait was not determinative because respondent had sustained a head injury during the accident. Consequently, without the statement from the witness, the OAH found that it was left with "the mere odor of alcohol" on respondent's breath as evidence of his intoxication, which it concluded was insufficient to establish intoxication. Accordingly, the OAH concluded that the DMV had not met its burden of proving that respondent was DUI, and it reversed the DMV's revocation order.

The commissioner appealed to the circuit court, arguing that the OAH erroneously excluded the investigating officer's sworn narrative. The court found that the OAH erred but concluded that any error was harmless because the decision would have been the same had the documentary evidence been properly handled, i.e., admitted but accorded no evidentiary weight. The circuit court therefore affirmed the OAH's reversal of the license revocation.

In the commissioner's lone assignment of error on appeal, he maintains that the OAH erred as a matter of law in excluding and ignoring the officer's sworn narrative. He argues further that the circuit court then compounded the error by substituting its judgment for that of the fact finder in concluding that the evidence should have been given no weight. The commissioner asserts that the documentary evidence should have been admitted, that it was presumptively accurate, and that respondent failed to rebut it. So, the commissioner continues, there was sufficient evidence to show that respondent was DUI.

"On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a)[3] and reviews questions of law

---

[2] The OAH did not, in fact, redact any portion of the investigating officer's sworn narrative.

[3]    Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions,

(continued . . .)

2

presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021) (citations omitted).

Under West Virginia Code § 29A-5-2(b),

[a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case.

In addition, under that statute, "a statement of an arresting officer, as described in W. Va.Code § 17C-5A-1(b) (2004) . . . that is in the possession of the [DMV] and is offered into evidence on behalf of the Division, is admissible." Syl. Pt. 3, in part, *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 631 S.E.2d 628 (2006).

Irrespective of the circuit court's characterization of the OAH's action regarding the investigating officer's sworn narrative, it does not appear to this Court that the OAH ran afoul of these evidentiary requirements. The OAH plainly admitted the sworn narrative at the hearing despite the objection to it, and in its order, the OAH only sustained the objection to the officer's *testimony* recounting his conversation with the witness at the scene. Although the OAH also ruled in its order that the witness's statement contained within the officer's sworn narrative "is redacted and will not be offered and accepted as evidence," given that the document was admitted at the hearing, the sworn narrative was indisputably offered, no redaction of any sort occurred, and the OAH stated at the hearing that it would determine what weight to give the sworn narrative after the hearing, it appears that the OAH was merely articulating its intention not to accept the witness's statement as indicative of intoxication. In other words, it deemed the witness's statement undeserving of evidentiary weight, and determining what weight evidence deserves is a task left wholly to the OAH. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (noting that deciding witness credibility and weighing evidence are tasks and functions reserved exclusively for the trier of fact). Accordingly, we find no error in the OAH's decision to discount the witness's statement or its conclusion that the remaining indicators of intoxication were not determinative of the issue due to the accident and head injury respondent sustained in the accident. We further find no error in the circuit court's affirmation of the OAH's reversal of the DMV's license revocation.

---

decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021) (citation omitted).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead

Armstead, J., dissenting:

I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Accordingly, I respectfully dissent.